981 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Robert MINCOFF, Defendant-Appellant.
 No. 92-50167.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1992.*
Decided Dec. 17, 1992.
 
 Before D.W. NELSON, CYNTHIA HOLCOMB HALL and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Robert Mincoff appeals the district court's denial of his motion for return of his property pursuant to Fed.R.Crim.Proc. 41(e) and his motion for reconsideration of that order. We affirm.
 
 
 3
 After Mincoff's arrest on charges of possession of ephedrine with intent to manufacture methamphetamine, agents from the Bureau of Alcohol, Tobacco and Firearms ("ATF") searched Mincoff's home and seized various weapons, ammunition, and documents. The weapons and ammunition were then administratively forfeited.
 
 
 4
 On September 11, 1991 Mincoff filed a motion pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure for the return of the forfeited items. Mincoff claimed that the notice of forfeiture was defective because it was sent to his home address, and not the prison where he was incarcerated. On November 6, 1991 the district court denied Mincoff's motion on several grounds, including lack of jurisdiction to hear a claim under Rule 41(e) after civil forfeiture proceedings had commenced. Forty days later on December 16, 1991 Mincoff filed a motion for reconsideration. That motion was denied on February 20, 1992 on the grounds that the court lacked jurisdiction to hear a Rule 41(e) motion once civil forfeiture proceedings had commenced. On February 27, 1992, Mincoff filed this appeal of the denial of both of his motions.
 
 
 5
 Mincoff's appeal of the denial of his original motion is not timely. Fed.R.App.Proc. 4(b). We therefore only review the denial of his motion to reconsider. We affirm the district court's denial of the motion to reconsider because it never had jurisdiction to hear Mincoff's claim. Once civil forfeiture proceedings commence, district courts lose jurisdiction to hear Rule 41(e) claims. United States v. U.S. Currency, $83,310.78, 851 F.2d 1231, 1233-35 (9th Cir.1988). Mincoff may, however, still be able to challenge the forfeiture in a civil proceeding under the Tucker Act, 28 U.S.C. § 1346(a)(2). See Simmons v. United States, 497 F.2d 1046, 1049 (9th Cir.1974).
 
 AFFIRMED
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3